41  525
98  436

JOSEPH E. SEELEY v. WILHELM ALBRECHT.

*Findings—Variance between findings and declaration.*

Findings of fact which though defective were not prejudicial to the complaining party, and which he did not ask to have amended under Circuit Court Rule 88, are not considered on error.

Where no basis is shown for a judgment for plaintiff, if there has been no mis-trial defendant must have judgment; and it is immaterial whether the reason assigned for it is correct or not.

A declaration based upon an assignment of *choses in action* alleged to have been made by certain specified persons as co-owners, does not support a claim of title based on a finding that the assignment was made by one of them in the name of a firm composed of both, after the other had withdrawn from the partnership.

Error to Ionia. Submitted July 2. Decided Oct. 8.

ASSUMPSIT. Plaintiff brings error.

*Lemuel Clute* for plaintiff in error.

*Mitchel & Pratt* for defendant in error.

GRAVES, J. Seeley claiming to be assignee of James B. Palmer and Hiram M. Odell, who were contractors under Albrecht for the performance of the carpenter and joiner work and the supply of the materials for the House of Correction buildings at Ionia, brought his action in that character against Albrecht to recover damages alleged to have accrued to his supposed assignors by means of an asserted breach of the sub-contract by Albrecht.

The judge sat without a jury, and decided against Seeley, who thereupon brought error.

The cause of action was stated under a special count joined with the general counts of indebitatus assumpsit. The special count averred that "James B. Palmer and Hiram M. Odell, carpenters and joiners of the city of Ionia," contracted on the 27th of January, 1876, to perform the carpenter and joiner work for the House of Correction buildings in a manner specified, and to provide the described materials and on the terms mentioned, and that they began performance and continued in accordance with the agreement until they had made an expense of $20,000, and were then stopped and prevented from finishing the job by Albrecht and deprived of the moneys and profits they would have gained if they had been allowed to go on and complete the job according to the contract. The count embodies the contract verbatim.

The indebitatus counts allege an indebtedness from Albrecht to James B. Palmer and Hiram M. Odell, and they are followed by a separate statement in which the plaintiff "avers that afterwards, to-wit: on the first day of September, 1876, the said James B. Palmer and Hiram M. Odell assigned and transferred to said plaintiff all their claims and demands against the said defendant as hereinbefore mentioned. By means whereof and by force of the statute in such cases made and provided, the said defendant then and there became liable to pay to the

said plaintiff the said several sums of money herein mentioned."

The grounds of error are 1st, that the judge did not make a finding on certain parts of the case; 2d, that he erred in holding that the assignment by James B. Palmer in the name of James B. Palmer & Co. to the plaintiff was fraudulent and conveyed nothing; and 3d, that the facts do not support the judgment.

*First.* For the purpose of this review the court must accept as a finding what is so treated by the record and assignments of error. It is not in proper form, and under particular circumstances the justice of the case might unavoidably receive prejudice from such inaccuracies. According to the explanation offered on the argument the defects in the mode of statement were caused by inadvertence.

It is stated in the ninth finding "that a mass of accounts, offsets, and matters in recoupment, as between defendant and James B. Palmer & Co., was adduced upon the trial. These facts (referring to those previously stated) however, render it unnecessary to pass upon them."

There is no showing of any omission other than what is here indicated, and the objection based on this is exposed to two answers: *first*, the plaintiff omitted to call for any further or different finding under the rule of practice (Rule 88), but acquiesced; and *second*, it appears he was not prejudiced. Nothing further is necessary on this subject.

*Second.* The other charges of error will not be specially discriminated. Whether the reason given for entering judgment for the defendant is or is not accurate is quite immaterial in case there is no basis of fact shown for a judgment in favor of the plaintiff. If his alleged cause of action is not sustained, then judgment must go for the defendant as the necessary alternative, since there has been no mis-trial.

The finding shows several grounds of objection against recovery by the plaintiff.

As his title to sue he sets forth in his declaration an assignment by James B. Palmer and Hiram M. Odell, and then on the strength of the finding that those persons were in partnership under the name of James B. Palmer & Co., and that they quarreled and Odell withdrew, and that Palmer then subscribed the firm name to what purported to be an assignment, he claims that the title so alleged is made out. He contends that as Palmer and Odell were in partnership, the execution by Palmer alone in the firm name of the instrument of transfer was an assignment by the firm and a conveyance of the whole interest.

In the first place the declaration regards Palmer and Odell as mere co-contractors in the contract with Albrecht and as co-owners of the *choses in action,* supposed to have been assigned, and not as partners, and the case stated in the declaration does not import an assignment by the firm of James B. Palmer & Co. or import a state of things in which Palmer could assign any interest belonging to Odell.

Hence if the finding is read in the sense contended for by the plaintiff it will not sustain his cause of action. In the next place there is no finding that "James B. Palmer and Hiram M. Odell," the parties specified in the declaration, or even "James B. Palmer & Co.," the concern mentioned in the finding, really assigned to the plaintiff. The subject of an assignment by "James B. Palmer & Co." is referred to and items of evidence relating thereto are introduced, but the judge is careful to avoid finding that there was an assignment.

Lastly, the cause of action alleged is hardly countenanced by the facts. The substance as stated in the declaration does not accord with the substance as found. Instead of a case in which Albrecht refused to go on and prevented "James B. Palmer and Hiram M. Odell"

from performing as averred, the finding presents a case where Odell refused to proceed further and broke the contract and forbade Albrecht from recognizing any present or future right of Palmer under the contract. That the facts reported are entirely at variance with the allegations appears plain.

As judgment for the defendant is an unavoidable result on this record the judgment must be affirmed with costs.

The other Justices concurred.