THE MONROE WATER COMPANY v. THE TOWNSHIP OF FRENCHTOWN.

*Taxes—Water pipes—Payment under protest—Findings of fact—Corporations—Estoppel.*

1. The pipes of a water company, laid in its own land from its pumping works to a lake from which its water supply is drawn, and to the city supplied, are a part of the realty, and assessable accordingly, under 3 How. Stat. § 1170a1, which provides that, for the purpose of taxation, real property shall include all lands within the State, and all buildings and fixtures thereon and appurtenances thereto, except in cases otherwise expressly provided by law.[1]

2. Where land owned by a water company, on which its pumping works are located, and in which its pipes are laid, lies in one township, and its principal business office is located in a city outside of said township, and the land is assessed by the supervisor without regard to the water pipes which, if regarded as personal property, are assessable in said city, and the board of review add to the roll a personal-property assessment on account of the pipes, and the evidence in a suit brought to recover said personal tax, paid under protest, fails to show that the company had actual notice of the personal-property assessment, the company will not be presumed to have had knowledge thereof, and it cannot be said that no injustice will

---

[1] See *Water Co. v. Board of Equalization,* 15 L. R. A. 296, for note on "What constitutes real estate for purposes of taxation."

be done the company by compelling it to pay the personal-property tax upon the theory that the rate of taxation in the township is the same on real and personal property.

3. In the absence of a request for more specific findings of fact, and an exception to the refusal thereof, an objection that the findings are not sufficiently specific will not prevail if the facts found are consistent with the judgment, and sufficient to support it.

4. Where taxes are assessed against a corporation, and it pays them under protest, and sues to recover the money, the defendant cannot be heard to say in said suit that the plaintiff is not legally incorporated.

Error to Monroe. (Kinne, J.) Argued December 14, 1893. Decided January 9, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*I. R. Grosvenor* and *E. R. Gilday,* for appellant.

*Landon & Lockwood,* for plaintiff.

LONG, J. This is an action to recover moneys paid by the plaintiff company under protest, for taxes claimed to have been illegally assessed. On a trial before the court without a jury, the court found that the principal office of the plaintiff is in the city of Monroe; that it is the owner of certain real estate in the defendant township, upon which are situate its pumping works and equipment; that the township adjoins Lake Erie, and the object and purpose of the plaintiff is to draw water from Lake Erie, and supply the city and citizens of Monroe; that the plaintiff had no personal property in that township; that for the year 1891 the plaintiff was assessed in said township for real estate the sum of $10,000, and for personal property the sum of $30,000; that upon the 28th day of January, 1892, the treasurer levied upon the property of the plaintiff in said township, for the collection of taxes

upon the real estate, $70.70, and, upon its personal property, $212.10; and that the taxes were paid by plaintiff under written protest.    From these facts the court found as matter of law:

1. That the plaintiff had no personal property in the township subject to taxation.

2. That the assessment of $30,000, personal property, to the plaintiff, was wholly unauthorized and illegal; and that, the plaintiff having paid under protest, it was entitled to recover judgment for the amount.

Judgment was entered for the plaintiff for a portion of these taxes so paid under protest.    Exceptions were taken to these findings, as follows:

1. Because the findings of fact are not sustained by the evidence.

2. Because the court, in his findings of fact, does not pass upon all the issues of fact presented in the cause.

3. Because such conclusions of fact are not justified by the evidence; therefore the conclusions of law are erroneous.

1. We think there is evidence to support the findings. 3 How. Stat. § 1170a1, provides that,—

"For the purpose of taxation, real property shall include all lands within the State, and all buildings and fixtures thereon and appurtenances thereto, except in cases otherwise expressly provided by law; personal property shall include all goods and chattels within the State," etc.

The supervisor of the township gave testimony upon the trial tending to show that the personal property assessed at $30,000 was made up of pipes, connected with the pumps at the pumping station, and extending from there underground, in either direction, to the lake and to the city. Defendant contends that these pipes were personalty, for the reason that they were laid in the lands of others; but the testimony does not show, or tend to show, that these pipes were not laid upon plaintiff's own lands.    It is shown that the property consisted of one acre of land and pump-

ing machinery, and these pipes are attached to the pumps, and appear to be appurtenant thereto.

Section 1170a3 provides:

"All corporate property, except where some other pro- ·vision is made by law, shall be assessed to the corporation as to a natural person in the name of the corporation. The place where its principal office in this State is situated shall be deemed its residence."

Section 1170a9 provides:

"All personal property, except as hereinafter provided, shall be assessed to the owner in the township of which he is an inhabitant on the second Monday of April of the year for which the assessment is made."

The claim made by the defendant that these pipes could come within the excepted cases arises under the first subdivision of section 1170b, which provides that—

"All goods and chattels situate in some township other than where the owner resides shall be assessed in the town where situate, and not elsewhere, if the owner or person having control thereof hires or occupies a store  *  *  * for use in connection with such goods and chattels."

We think that it cannot be said that, even if these pipes are to be regarded as personalty, they would be assessable as such to the owner outside of his place of residence. We do not place the decision of this case, however, upon the ground . that these pipes can in any sense be said to be personalty, but are satisfied that the ground, building, and machinery, together with these pipes, which are necessary appurtenances to the building under the showing made, are a part of the realty. It is admitted by defendant that this might be true if the pipes were laid wholly upon plaintiff's land; but, as we have said, there is no showing that they were laid anywhere else than upon the land of the plaintiff, and lands which the plaintiff has a right to own and control under the

statute authorizing its incorporation, and under which water companies are empowered to take lands by purchase or by condemnation. How. Stat. §§ 3115, 3117.

It is claimed that, even if these pipes be regarded as realty, yet, the rate of taxation being the same as upon personalty, the plaintiff cannot recover, as the ground of recovery in such cases is the assumption that the municipality has moneys in its custody which equitably belong to the party making the claim, and here, equitably, the plaintiff should pay the tax. It is true that the recovery in such cases is based upon this equitable doctrine. *Minor Lumber Co. v. City of Alpena,* 97 Mich. 500. But the statute provides that real estate shall be assessed to the owner, if known. The same provision is found as to personal property. It appears from the testimony of the supervisor that he did not assess these pipes. He assessed the real estate to the plaintiff at $8,000, which was raised to $10,000 by the board of review. On the first day of the meeting of the board of review, they added to the roll the value of the pipes, as personalty, at the sum of $30,000. They had no authority under the statute, as we have seen, to assess the plaintiff's personal property in that township. The plaintiff, in examining the roll, may have been satisfied with the assessment of the realty, or with the amount fixed by the board of review; but it could not have expected to find itself assessed with a personal tax outside of the city where its principal office was situated, and may have been misled by an examination of the roll. It cannot be said that the plaintiff must be presumed to know that it was assessed for personalty in that township, and might have had it changed by the board of review if it had appeared there. There is no evidence that the plaintiff had actual notice that it was assessed for personal property; and it must be presumed that it was satisfied with its assessment upon realty, as it did not appear

before the board. We are satisfied that, under the circumstances, it cannot be said that no injustice would be done the plaintiff to compel it to pay the tax, upon the basis that the rate of taxation is no greater than if assessed as realty.

2. It does not appear by the record that, after these findings of fact were filed, counsel for defendant presented any further findings, or asked for more specific findings. If counsel had desired the court to pass upon other questions, such questions should have been presented in the form of findings, and the court asked so to find, and, upon refusal, an exception could have been properly considered in this Court, under Circuit Court Rule No. 88. It is settled that in the absence of a request for a more specific finding, and an exception based thereon, an objection that the finding is not sufficiently specific will not prevail if the facts found are consistent with the judgment, and sufficient to support it. *Seeley v. Albrecht*, 41 Mich. 525.

We have not set forth all of the facts found by the trial court, as we do not deem them necessary to a decision of the points in controversy. It is contended, however, upon another question by defendant's counsel, that the court was in error in finding that plaintiff was a corporation both *de facto* and *de jure*, and competent to maintain this suit. The plaintiff's proofs showed that parties had dealt with it as such. The defendant introduced upon the trial the articles of association, and it is contended here that these articles showed a defective organization of the plaintiff company. We think defendant is not in a position to contest that question in the present proceeding. The tax was assessed against plaintiff as a corporation; the moneys paid were by the corporation; and the defendant cannot now be heard to say that it was not legally incorporated.

Upon the evidence of the whole record, we are unable

to discover any error in the proceeding, and the judgment must be affirmed.

The other Justices concurred.